UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFREDO CARTAGENA,

    Plaintiff,

v.                                                    CASE NO. 8:23-cv-2854-SDM-SPF

HILLSBOROUGH COUNTY SHERIFFS
    DEPARTMENT,

    Defendant.
_____/

**ORDER**

    Cartagena sues under 42 U.S.C. § 1983 for alleged violations of his civil rights by members of the Hillsborough County Sheriff's Office ("HCSO"). Cartagena filed this action in state court, and the defendant removed to this court. The defendant moves (Doc. 5) under Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss.

    An earlier order (Doc. 6) cautions Cartagena about the gravity of a motion to dismiss, but Cartagena has not opposed the motion. Although under Local Rule 3.01(c), the court may treat a motion as unopposed if a party fails to timely respond to a motion, the failure to oppose a motion under Rule 12, Federal Rules of Civil Procedure, is not a basis for dismissing an action. *See Giummo v. Olsen*, 701 F. App'x 922, 924 & n.2 (11th Cir. 2017)[1] (noting that dismissing a complaint solely because a motion to dismiss is technically unopposed is an abuse of discretion). But a district

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

court may grant an unopposed motion under Rule 12(b)(6) after considering the merits of the motion to dismiss. *See Moore v. Camden Prop. Tr.*, 816 F. App'x 324, 330 (11th Cir. 2020) ("[B]ecause the district court did not grant the motions to dismiss solely based on Moore's failure to file an opposition brief, but rather considered the complaint and the motion documents that were before it, the district court did not abuse its discretion."). Dismissal is warranted based on the merits of the motion.

Cartagena alleges that between December 2019 and August 2023 members of the HCSO subjected him to "illegal arrest, illegal detainment, [and] illegal search and seizure on over 15 different criminal cases . . . ." (Doc. 1 at 1) Although a *pro se* complaint receives a generous interpretation, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999), the complaint must meet certain pleading requirements. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions [or] a formulaic recitation of the elements of the cause of action . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In short, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009), summarizes the pleading requirements as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.

> Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.

*Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008), explains that "*Twombly* [i]s a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." As a consequence, *Twombly* governs a Section 1983 prisoner complaint. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

On a motion to dismiss under Rule 12(b)(6), the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003), *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The allegations of fact and any reasonable inference must combine to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), explains that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." As *Iqbal*, 556 U.S. at 678–79, teaches, "plausibility" is greater than a mere "possibility" but less than a "probability:"

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.
>
> [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "shown" — "that the pleader is entitled to relief."

However, a plaintiff must show " 'proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." *Rodriguez v. Sec'y, Dep't of Corr.*, 508 F.3d 611, 625 (11th Cir. 2007) (quoting *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986)).

Cartagena cannot proceed with this action for two reasons. First, HCSO is the only named defendant. As *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 700–01 (11th Cir. 2013),[2] explains, a "sheriff's office" is not a legal entity subject to suit as a defendant:

> Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992). Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued. Thus, the district court did not err by dismissing Faulkner's claim against MCSO because MCSO is not a legal entity with the capacity to be sued under Florida law. *See Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995) (noting that the municipality, not the police department, had the power to sue and be sued under Florida law).

Consequently, to proceed with his claims of "illegal arrest, illegal detainment, [and] illegal search and seizure," Cartagena must name as the defendants the individual deputies he contends violated his civil rights.

Second, Cartagena pleaded either guilty or *nolo contendere* in six separate criminal actions encompassing the period he complains that he was subjected to "illegal arrest, illegal detainment, [and] illegal search and seizure." Consequently, the allegations in this civil action challenge the validity of those convictions. If a state prisoner challenges

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

a conviction, the exclusive federal remedy is a writ of habeas corpus. *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). This long-standing principle was further explained in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck* requires dismissal of the civil rights complaint if a ruling in the plaintiff's favor questions the validity of the conviction or sentence. In sum, a claim under Section 1983 does not exist unless Cartagena prevails on habeas corpus. *Heck*, 512 U.S. at 489–90 ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.").

The motion to dismiss (Doc. 5) is **GRANTED**. The clerk must enter a judgment for the defendant and close this case.

ORDERED in Tampa, Florida, on April 19, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE